MARA W. ELLIOTT, City Attorney
GEORGE F. SCHAEFER, Assistant City Attorney
CHARLES E. BELL, JR., Chief Deputy City Attorney
California State Bar No. 256848
DANNA W. NICHOLAS, Deputy City Attorney
California State Bar No. 235409
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-58M00
Facsimile: (619) 533-5856

Attorneys for Defendant City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALEX MONTOYA, REX SHIRLEY, PHILIP PRESSEL, and AARON GREESON, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

CITY OF SAN DIEGO, a public entity, BIRD RIDES, INC., a Delaware corporation, d/b/a/, BIRD; NEUTRON HOLDINGS, INC., a Delaware corporation, d/b/a LIME; RAZOR USA, LLC, a California corporation; and DOES 1-100,

Defendants.

Case No. 19cv00054 JM (BGS)

**DEFENDANT CITY OF SAN DIEGO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

**[Fed. R. Civ. P. 12(b)(6)]**

Judge: Hon. Jeffrey T. Miller
Court Room: 5D (5th Floor – Schwartz)

# TABLE OF CONTENTS

I. INTRODUCTION....................1

II. RELEVANT ALLEGATIONS....................1

III. LEGAL STANDARD FOR MOTION TO DISMISS....................2

IV. THE CITY IS IMMUNE FROM ALLEGED VIOLATIONS CAUSED BY FAILING TO ADOPT OR ENFORCE AN ORDINANCE....................3

A. Government Code Section 818.2 Provides Immunity for Injury Caused by Failing to Adopt or Enforce and Ordinance....................3

B. California Government Code Section 821 Provides Discretionary Immunity for Injury Caused by Failing to Adopt or Enforce and Ordinance ....................5

C. California Government Code Section 845 and 846 Provide Immunity from Monetary Damages for the Alleged Failure to Police and the Alleged Failure to Arrest, Detain and Cite ....................7

V. THE CITY'S ACTIONS DO NOT VIOLATE THE ADA – TITLE II OR REHABILITATION ACT ....................10

A. Plaintiffs were not excluded from participation in or denied the benefits of a public entity's services, programs or activities, or were otherwise discriminated against by the City of San Diego....................10

VI. THE CITY'S ACTIONS DO NOT VIOLATE CALIFORNIA GOVERNMENT CODE § 4450 AND CODE § 11135....................11

VII. THE CITY'S ACTIONS DO NOT VILATE THE CALIFORNIA DISABLE PERSONS ACT....................12

VIII. THE CITY'S ACTIONS DO NOT VILATE THE UNRUH ACT....................12

IX. CONCLUSION....................13

# TABLE OF AUTHORITIES

**Cases**

*Antique Arts Corp. v. City of Torrance*,
39 Cal. App. 3d 588 .......... 9

*Ashcroft v. Iqbal*,
556 U.S. .......... 3

*Bell Atlantic Corp. v. Twombly*,
550 U.S. .......... 2, 3

*Bonds v. State of Cal. ex rel. California Highway Patrol*,
138 Cal. App. 3d 314 .......... 6

*Bonner v. Lewis*,
857 F.2d 559 .......... 10

*Broam v. Bogan*,
320 F.3d 1023 .......... 2

*De La Cruz v. Tormey*,
582 F.2d 4526 .......... 2

*Doherty v. Southern College of Optometry*,
862 F.2d 570 .......... 10

*Hartzler v. City of San Jose*,
46 Cal. App. 3d 6 .......... 9

*Hernandez v. City of San Jose*, 14 Cal. App. 4th .......... 9, 12

*Id*. at § 21235(i) .......... 4, 6

*Id*. at 1139 .......... 8

*Id.* at 679 .......... 3

*Id.* at 978-979 .......... 10

*Ivey v. Board of Regents of the University of Alaska*,
673 F.2d 266 .......... 2

*John DOES 1-5 v. Chandler*,
83 F.3d 1150 .......... 10

*Leger v. Stockton Unified Sch. Dist.*,
202 Cal.App.3d 1448 .......... 8

*Mann v. State of Cal.*,
70 Cal. App. 3d 773 .......... 9, 11

*Moncur v. City of Los Angeles*,
68 Cal. App. 3d 118 .......... 9

*Navarro v. Block*, 250 F.3d 729 .......... 2

*Osgood v. Cnty of Shasta*, 50 Cal. App. 3d 586 .......... 5

*Peterson v. San Francisco Cmty. College Dist.*, 36 Cal.3d 799 .......... 9

*Posey v. State of California*, 180 Cal. App. 3d 836 .......... 6, 12

*Roseville Cmty Hosp. v. State of Cal.*, 74 Cal. App. 3d 583 .......... 5

*Slapin v. Los Angeles Int'l Airport*, 65 Cal. App. 3d 484 .......... 9

*Sutton v. Golden Gate Bridge, Highway & Transp. Dist.*, 68 Cal. App. 4th 1149 .......... 5

*Turner v. Ass'n of American Medical Colleges*, 167 Cal. App. 4th .......... 12, 13

*Turner v. State of Cal.*, 232 Cal. App. 3d 883 .......... 9

*Van Arsdale v. Hollinger*, 68 Cal.2d 245 .......... 4

*Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061 .......... 3

*Weinrich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976 .......... 10

*Wood v. Cnty of San Joaquin*, 111 Cal. App. 4th 960 .......... 4

*Zelig v. Cnty of Los Angeles*, 27 Cal.4th 1112 .......... 8, 9, 11

**Statutes**

29 U.S.C. § 794 .......... 10

42 U.S.C. § 12132 .......... 10

Cal. Gov.'t Code § 818.2 .......... 4,5

Cal. Gov.'t Code § 820.2 .......... 5, 6, 12

Cal. Gov't Code § 818 .......... 4

California Civil Code section 54 ........ 12

California Government Code section 4450(a) and section 11135 ........ 11, 12

California Government Code section 845 ........ 7, 9

California Government Code section 846 ........ 7, 9, 11

Section 504 ........ 10

Section 821 ........ 4

Section 845 ........ 7, 9

Section 846 ........ 9, 11

**Other Authorities**

4 Cal.L.Rev.Comm. Reports 860 ........ 7

Cal. Civ. Code
§ 51(c) ........ 13

Cal. Veh. Code
§ 21225 ........ 4

Cal. Veh. Code
§ 21235(g) ........ 4

Cal. Veh. Code
§ 25225 ........ 6

Cal. Veh. Code
§ 40000.1 ........ 4

Cal. Veh. Code
§§ 21220-21235 ........ 3, 4

California Vehicle Code section 21235(i) ........ 6

San Diego Municipal Code
§ 12.0201 ........ 4

SDMC
§§ 54.0110 ........ 4

**Rules**

Federal Rule of Civil Procedure 8(a)(2) ........ 2, 3

Federal Rule of Civil Procedure Rule 12(b)(6) ........ 2, 3

Rule 8 ........ 3

## I. INTRODUCTION

Plaintiff's ALEX MONTOYA, REX SHIRLEY, PHILIP PRESSEL and AARON GREESON ("Plaintiffs") allege they are disabled persons and that they have been denied their right to travel freely and safely on public walkways. Plaintiffs claim that the City of San Diego ("City") has failed to "maintain the accessibility of the City's public sidewalks, curb ramps, crosswalks and transit stops for people with disabilities." (Compl. ¶ 1) Plaintiffs further claim that the City's alleged failure to implement or enforce ordinances to ensure that public right of ways are kept free from scooter obstructions violates the American with Disabilities Act ("ADA") and other laws. (Compl. ¶¶ 64-66) Plaintiffs' arguments fail in their entirety.

The City regulations pertaining to the use of bicycles and scooters in the public right of way are generally applicable regulations that comply with the state and local laws and are non-discriminatory on their face. These regulations apply to all vehicles and individuals operating said vehicles. Importantly, Courts have already determined that public entities are immune as to any alleged failure to regulate the use of scooters on the City's public right of ways as well as the City's alleged failure to enforce existing prohibitions of scooters on the public right of ways. Therefore, Plaintiffs' claims fail because the City's actions do not violate the ADA or other similar laws.

## II. RELEVANT ALLEGATIONS

Plaintiffs allege that the City has failed to "maintain the accessibility of the City's public sidewalks, curb ramps, crosswalks and transit stops for people with disabilities." (Compl. ¶ 1) They also argue that the City's failure to maintain accessibility of the City's public sidewalks is due to it allowing dockless scooters to go unregulated and inhibit equal access to San Diego citizens. (Compl. ¶ 23)

///

///

Plaintiffs further allege a failure to implement or enforce ordinances to ensure that public right of way is kept free from scooter obstructions violates the American with Disabilities Act ("ADA") and other laws. (Compl. ¶¶ 64-66).

## III. LEGAL STANDARD FOR MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a party may move to dismiss if the complaint fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Generally, a complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings "in the light most favorable to the plaintiff" and, further, "must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. When well-pleaded facts do not permit a court to infer more than the mere possibility of misconduct, the complaint has not shown that

the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.

Furthermore, the federal rules require more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Additionally, lack of discovery is not a defense to a Rule 12(b)(6) motion to dismiss; discovery is not available until the complaint satisfies Rule 8's requirements. *Ashcroft v. Iqbal*, 556 U.S. at 685-86. Thus, while specific detail is not required, every complaint must, at a minimum, plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 547; *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. THE CITY IS IMMUNE FROM ALLEGED VIOLATIONS CAUSED BY FAILING TO ADOPT OR ENFORCE AN ORDINANACE

### A. Government Code Section 818.2 Provides Immunity for Injury Caused by Failing to Adopt or Enforce an Ordinance

California state law regulates the use and operation of motorized scooters on City streets. (Cal. Veh. Code §§ 21220-21235.) The City may regulate registration of scooters and parking and operation of scooters on public ways if regulation does

not conflict with the California Vehicle Code. (Cal. Veh. Code § 21225.) California Vehicle Code section 21235 makes it unlawful to ride a motorized scooter on a sidewalk, except as may be necessary to enter or leave adjacent property. (Cal. Veh. Code § 21235(g).) It is also unlawful to leave a scooter lying on its side on any sidewalk, or to park a motorized scooter on a sidewalk in any other position so that there is not an adequate path for pedestrian traffic. (*Id*. at § 21235(i).) A violation of these provisions also constitutes an infraction within the City of San Diego. (Cal. Veh. Code § 40000.1; San Diego Municipal Code ("SDMC") § 12.0201.) Similarly, the San Diego Municipal Code makes it unlawful to block the public ways with scooters. (SDMC §§ 54.0110, 54.0105.)

California Government Code section 818.2 states as follows: "A public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." Section 821 establishes a concordant immunity for public employees. The Law Revision Commission Comment accompanying section 818.2 notes that "[T]his section recognizes that the wisdom of legislative or quasi-legislative action, and the discretion of law enforcement officers in carrying out their duties, should not be subject to review in tort suits for damages if political responsibility for these decisions is to be retained." The Court must give the comment substantial weight to the Commission's comment. *Van Arsdale v. Hollinger* 68 Cal.2d 245, 249-50 (1968) (overruled on other grounds);Cal. Gov't Code § 818.

Section 818.2 provides immunity to the City's alleged failure to regulate the use of scooters on the City's public right of ways as well as the City's alleged failure to enforce existing prohibitions of scooters on the public right of ways. *Wood v. Cnty of San Joaquin*, 111 Cal. App. 4th 960, 972 (2003). In *Wood*, the court held that the City was immune from liability for "the failure to take any safety measures" because that necessarily "encompasses the adoption or the failure to adopted local ordinances." *Id.* The Court in *Wood* noted that the purpose of the immunity given

by section 818.2 is "to protect the essential governmental function of making laws, so that the judiciary does not question the wisdom of every legislative decision through tort litigation." *Id*. Similarly, in *Sutton v. Golden Gate Bridge, Highway & Transp. Dist.*, 68 Cal. App. 4th 1149, 1165 (1998), the Court held that the district was entitled to immunity under section 818.2 for its decision not to prohibit lane changing and any failure to enforce the speed limit. *See also Osgood v. Cnty of Shasta*, 50 Cal. App. 3d 586, 590-91 (1975) [holding that section 818.2 provides immunity to claim that county failed to enact and enforce safety measures to prevent boat overcrowding on lake]; *Roseville Cmty Hosp. v. State of Cal.*, 74 Cal. App. 3d 583, 589 (1977) [holding that section 818.2 provides immunity to claim that Attorney General's negligent enforcement of laws governing health plans].)

Plaintiffs' claim for violations of the ADA and other laws are rooted in Plaintiffs' legal theory that violations exists because the City (a) failed to adopt regulations governing scooter operations; and (2) failed to enforce existing laws limiting the parking and operation of scooters on City sidewalks. (Compl. ¶¶ 64-66) Plaintiffs' claims must be rejected because the City is immune from claims of failure to enact and/or failure to enforce laws and regulations. (Cal. Gov.'t Code § 818.2.) As described herein, these allegations squarely fall within the immunity of section 818.2. Therefore, Plaintiffs' arguments fail as to the City.

### B. California Government Code Section 821 Provides Discretionary Immunity for Injury Caused by Failing to Adopt or Enforce an Ordinance

As discussed above, Plaintiffs' theory of liability alleges that the City is liable for damages for failure to act to remove abandoned scooters from the public ways, enact regulations regarding scooters and/or post warning signs regarding the dangers of scooters. However, the City is immune from liability for discretionary decisions regarding each of these acts or failures to act because the City's decisions on these matters were discretionary. Under California Government Code section 820.2, "a public employee is not liable for an injury. . . where the act or omission

was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov.'t Code § 820.2. Pursuant to California Government Code section 815.2(b), the City is immune for acts of employees if the employee is immune. The discretionary immunity set forth in section 820.2 clearly applies to a City's decisions regarding the regulation of scooters, whether to remove a scooter abandoned on public property and/or whether to issue a citation. For example, a decision to remove abandoned items from the public ways is at the discretion of public officials. *Posey v. State of California*, 180 Cal. App. 3d 836, 850-52 (1986) (removal of a stranded car in the public right-of-way); *Bonds v. State of Cal. ex rel. California Highway Patrol*, 138 Cal. App. 3d 314, 321-22 (1982) (noting that "a decision to remove or not to remove a stranded vehicle, without more, is this a discretionary action and comes within the immunity described in Government Code section 820.2").

Similarly, in this case, the City's Municipal Code allows police the discretionary authority to ticket a scooter user for leaving a scooter lying on its side on any sidewalk in a manner that results in an inadequate path for pedestrian traffic. *Id*. at § 21235(i). Similarly, City officials are permitted to regulate the parking and operation of scooters in the public ways but is not required to do so. Cal. Veh. Code § 25225. It is within the discretion of the City officials whether to ticket and remove a scooter blocking pedestrian traffic for a violation of California Vehicle Code section 21235(i). Similarly, it is within the discretion of the City to regulate the parking and use of scooters on the sidewalks. Therefore, under *Posey*, because the decision to regulate scooters and or/remove an offending scooter is discretionary, the City is absolutely immune from liability under California Government Code section 820.2 for failing to regulate scooters and/or failing to remove scooters parked on the sidewalk.

///

///

**C. California Government Code Sections 845 and 846 Provide Immunity from Monetary Damages for the Alleged Failure to Police and the Alleged Failure to Arrest, Detain and Cite**

Plaintiffs' claims against the City seeking money damages are premised upon a failure to provide adequate police protection on the City's public ways, i.e. failure to detain, arrest and cite individuals for violating the scooter prohibitions. (Compl. ¶ 31) However, the City is immune from civil liability for money damages for failing to provide adequate police protection against participants in improper conduct. California Government Code section 845 provides: "Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise to provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service." Further, the City is immune from civil liability for money damages for failing to arrest or cite persons violating the California Vehicle Code or the San Diego Municipal Code. California Government Code section 846 provides "[n]either a public entity nor a public employee is liable for injury caused by the failure to make an arrest or by the failure to retain an arrested person in custody."

As made clear by the Law Revision Commission's note to section 845, the decision to provide police resources to a set of circumstances and to what extent is wholly within the discretion of the city. 4 Cal.L.Rev.Comm. Reports 860 (1963) ("This section grants a general immunity for failure to provide police protection or for failure to provide enough police protection. Whether police protection should be provided at all, and the extent to which it should be provided, are political decisions which are committed to the policy-making officials of government. To permit review of these decisions by judges and juries would remove the ultimate decision-making authority from those politically responsible for making the decisions.").

///

///

///

The gravamen of the Complaint is that the City acted or failed to act in a manner that caused a violation of the ADA and other laws. However, the conduct alleged in the Complaint involves an alleged failure by the City to (a) provide adequate police services to monitor the City's public right of ways; and (b) arrest, detain or cite persons in violation of the California Vehicle Code and the San Diego Municipal Code. Specifically, Plaintiffs allege that the City's action or inaction aids, encourages and promotes the use of co-defendants' scooters on the City's public right of ways by overlooking the conduct of individuals that use the scooters on City public right of ways in violation of California law. [Compl. ¶ 31.] California Government Code section 845 is intended "to protect from judicial review in tort litigation the political and budgetary decisions of policy-makers, who must determine whether to provide police officers or their functional equivalents." *Leger v. Stockton Unified Sch. Dist.*, 202 Cal.App.3d 1448, 1462-63 (1988).

Courts have deemed Section 845 to be a bar to public entity liability for failure to patrol or otherwise provide police services in a variety of instances. In *Zelig v. Cnty of Los Angeles*, 27 Cal.4th 1112, 1143-45 (2002), the children of a woman shot to death by her husband in the Los Angles courthouse sued the County for failing to provide adequate security in the courthouse. The California Supreme Court affirmed that Section 845 provides public entities immunity from liability for failure to protect people from the unlawful activities of others. *Id.* The Supreme Court found that Section 845 barred the children's claim because the County could only prevent this incident by adopting a policy allocating police personnel to confiscate weapons or deny entrance to those carrying weapons, either by searching each person or by operating metal detectors. *Id*. at 1139. Therefore, the Court held that "plaintiffs' claim goes to the essence of the county's discretion in determining

how much police protection to provide and how to allocate its resources" and found the county was entitled to immunity. *Id*.[1]

Similarly, relying on section 846, Courts have refused to allow claims against a city for failure to arrest and detain wrongdoers. *Hernandez v. City of San Jose*, 14 Cal. App. 4th 129, 134 (1993) (recognizing the immunity provided by section 846 and noting that a City and policy have "no duty to protect individuals from potential wrongdoers").

In this action, Plaintiffs' claim is – in essence – that the City should allocate more police resources to police the City's sidewalks and prevent persons from violating the scooter prohibitions. At its core, Plaintiffs' claim is that the City must protect it from the unlawful activity of third parties by arresting and citing specific lawbreakers. However, under *Zelig*, the manner and decisions involved in providing police protection from crime are absolutely immune under section 845. *See Mann v. State of Cal.*, 70 Cal. App. 3d 773, 778 (1977), (protection against crime is "police protection" as the term is used in section 845). Likewise, under *Hernandez*, the City's decisions whether to arrest, detain or cite violators of the scooter violations are absolutely immune under section 846. *Hernandez v. City of San Jose*, 14 Cal. App. 4th at 134.

---

[1] Other examples in which immunity pursuant to California Government Code section 845 has shielded public entities include: an alleged failure to police a parking garage on campus *Peterson v. San Francisco Cmty. College Dist.*, 36 Cal.3d 799, 814-15 (1984), an asserted failure to provide adequate security patrols in the parking lot of the state fairgrounds despite the foreseeability of gang violence there, *Turner v. State of Cal.*, 232 Cal. App. 3d 883, 894-95 (1991), failure to provide police patrols or sufficient police patrols of the parking lot of a public airport despite reports of earlier assaults, *Slapin v. Los Angeles Int'l Airport*, 65 Cal. App. 3d 484, 487 (1976), failure to prevent the placement of a bomb in an airport locker by providing searches in or surveillance of the airport common area, *Moncur v. City of Los Angeles*, 68 Cal. App. 3d 118, 122 (1977), and delay in responding to a call for assistance against an assailant or robber, *Hartzler v. City of San Jose*, 46 Cal. App. 3d 6, 9 (1975); *Antique Arts Corp. v. City of Torrance*, 39 Cal. App. 3d 588, 592-93 (1974)).

## V. THE CITY'S ACTIONS DO NOT VIOLATE THE ADA – TITLE II OR REHABILITATION ACT

Plaintiffs' first and second causes of action allege violation of the ADA Title II and the Rehabilitation Act. (Compl. ¶¶ 64-67; 74)

> To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) *he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity*; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *See* 42 U.S.C. § 12132 (emphasis added); *John DOES 1-5 v. Chandler*, 83 F.3d 1150, 1154-1155 (9th Cir.1996). Similarly, under Section 504 of the Rehabilitation Act, a plaintiff must show: (1) he is an "individual with a disability"; (2) he is "otherwise qualified" to receive the benefit; (3) he was denied the benefits of the program *solely by reason of his disability*; and (4) the program receives federal financial assistance. *See* 29 U.S.C. § 794 (emphasis added); *Bonner v. Lewis*, 857 F.2d 559, 562-63 (9th Cir.1988); *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988).

*Weinrich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976, 978 (9th Cir. 1997) (emphasis in original) (footnote omitted).

"[A] plaintiff proceeding under Title II of the ADA must, similar to a Section 504 plaintiff, prove that the exclusion from participation in the program was 'solely by reason of disability.'" *Id.* at 978-979 (citations omitted). "The duty to provide "reasonable accommodations" under the ADA and the Rehabilitation Act arises only when a policy discriminates *on the basis of disability*. *Id.* at 978 (emphasis in original)(footnote omitted).

### A. Plaintiffs were not excluded from participation in or denied the benefits of a public entity's services, programs or activities, or were otherwise discriminated against by the City of San Diego

As set forth above, Plaintiffs cannot establish that they were excluded from access to or denied the benefits of City's services, programs, or activities, or were otherwise discriminated against by the City. Plaintiff's only allege that the City encourages and promotes the use of co-defendants' scooters on the City's public right of ways by overlooking the conduct of individuals that use the scooters on City public right of ways in violation of California law. [Compl. ¶ 31.] Here,

Plaintiffs' admit that it is the actions of unidentified third parties and co-defendants alleged failures to ensure their scooters do not violate the California Vehicle Code and the San Diego Municipal Code that negatively impact Plaintiffs' access. Accordingly, Plaintiffs cannot establish any violation of the ADA or the Rehabilitation Act.

## VI. THE CITY'S ACTIONS DO NOT VIOLATE CALIFORNIA GOVERNMENT CODE § 4450 AND CODE § 11135

Plaintiffs' fourth and fifth causes of action alleges a violation of California Government Code section 4450(a) and section 11135. (Compl. ¶¶ 93 and 99) California Government Code section 4450(a) states:

> It is the purpose of this chapter to ensure that all buildings, structures, sidewalks, curbs, and related facilities, constructed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities.

And California Government Code section 11135(a) states:

> No person in the State of California shall, on the basis of race, national origin, ethnic group identification, religion, age, sex, sexual orientation, color, genetic information, or disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state. . . .

At its core, Plaintiffs' claim is that the City must protect it from the unlawful activity of third parties by arresting and citing specific lawbreakers. As set forth above, under *Zelig*, the manner and decisions involved in providing police protection from crime are absolutely immune under Section 845. *See Mann v. State of Cal.*, 70 Cal. App. 3d 773, 778 (1977), (protection against crime is "police protection" as the term is used in section 845). Likewise, under *Hernandez*, the City's decisions whether to arrest, detain or cite violators of the scooter violations are absolutely immune under section 846. *Hernandez v. City of San Jose*, 14 Cal.

App. 4th at 134. And under *Posey*, because the decision to regulate scooters and or/remove an offending scooter is discretionary, the City is absolutely immune from liability under California Government Code section 820.2 for failing to regulate scooters and/or failing to remove scooters parked on the sidewalk. Accordingly, Plaintiffs cannot establish any violation of California Government Code section 4450(a) or 11135.

## VII. THE CITY'S ACTIONS DO NOT VIOLATE THE CALIFORNIA DISABLED PERSONS ACT

Plaintiffs' sixth cause of action also alleges a violation of California Civil Code section 54 (Compl. ¶ 111), which is part of the California Disabled Persons Act ("CDPA"). California Civil Code section 54.1(a)(1) provides:

> Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices . . . and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

The CPDA "does not entitle a disabled individual to greater access than the public at large." *Turner v. Ass'n of American Medical Colleges*, 167 Cal. App. 4th 1401, 1413 (2008). As set forth above, Plaintiffs cannot establish that they were either excluded from access to or denied the benefits of City's services, programs, or activities, or were otherwise discriminated against by the City because of their disability. The City's regulations regarding operation of motorized vehicles and the public right of way, are generally applicable and apply regardless of disability status. Therefore, Plaintiffs cannot maintain a cause of action for a violation of the CDPA.

## VIII. THE CITY'S ACTIONS DO NOT VIOLATE THE UNRUH ACT

Plaintiffs' seventh cause of action also pleads a violation of the California Unruh Civil Rights Act, or Unruh Act. (Compl. ¶ 121.) California Civil Code

section 51 "prohibits discrimination based on a person's membership in a particular group . . ." *Turner v. Ass'n of American Medical Colleges*, 167 Cal. App. 4th at 1407. Included in the groups are persons with disabilities. Cal. Civ. Code § 51(d).

> Despite its broad application, **the Unruh Act does not extend to practices and policies that apply equally to all persons**: 'This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation.' **A policy that is neutral on its face is not actionable under the Unruh Act**, even when it has a disproportionate impact on a protected class.

*Turner v. Ass'n of American Medical Colleges*, 167 Cal. App. 4th at 1408 (quoting Cal. Civ. Code § 51(c) (emphasis added).)

As set forth above, Plaintiffs cannot establish that they were either excluded from access to or denied the benefits of City's services, programs, or activities, or were otherwise discriminated against by the City because of their disability. The City's regulations regarding operation of motorized vehicles and the public right of way, are generally applicable and apply regardless of disability status. Therefore, Plaintiff cannot maintain a cause of action for a violation of the Unruh Act.

## IX. CONCLUSION

For the foregoing reasons, Defendant City of San Diego submits that its Motion to Dismiss should be granted, with prejudice.

Dated: April 4, 2019

MARA W. ELLIOTT, City Attorney

By s/Danna W. Nicholas
Deputy City Attorney
Attorneys for Defendant City of San Diego
Email: DNicholas@sandiego.gov