c

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MONTOYA, et al., individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                    Defendant. | Case No.:  19cv054 JM (BGS)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **April 24, 2020**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:[1]

---

[1] The deadlines set in this Scheduling Order already take into account that discovery may be delayed by the COVID-19 public health emergency.  The Court reminds the parties that any further extensions sought must identify the discovery that has been completed, the discovery that remains outstanding, when the outstanding discovery was initiated, and explain why it is not possible to complete the outstanding discovery by the applicable deadline.  This allows the Court to evaluate the parties' diligence for purposes of showing good cause and to consider providing extensions for specific discovery requests or depositions.  Additionally, any request to extend the deadline to complete depositions to

1

1.      Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **MAY 22, 2020**.

2.      All discovery[2] needed for purposes of class certification must be completed by **November 13, 2020**.  Discovery is not bifurcated.  Rather, the Court sets an earlier deadline to complete discovery for purposes of complying with the deadline below to file any motion for class certification.  The parties should be proceeding to complete **all** fact and expert discovery by the deadlines set below.

3.      Any motion for class certification shall be filed no later than **December 11, 2020**.

4.      **All** fact discovery shall be completed by all parties by **January 11, 2021**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the assigned magistrate judge's Chambers Rules to timely raise the dispute.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no**

---

allow those depositions to be taken in-person rather than remotely should indicate why the depositions cannot be taken remotely.

[2] This includes any expert discovery necessary for purposes of class certification.  The parties agreed to deadlines for the completion of expert discovery for purposes of class certification in their joint discovery plan.  To the extent the parties are unable to reach agreement on a schedule to complete it by the November 13, 2020 deadline now set by the Court they may raise it as a request to amend the Scheduling Order under Chambers Rule III.C.

**stipulation continuing or altering this requirement will be recognized by the court.**

5.     Discovery limits in the Federal Rules of Civil Procedure and Civil Local Rules, including Federal Rule of Civil Procedure 33(a)(1) and Civil Local Rules 33.1.a and 36.1.a shall apply.  Absent leave of Court to exceed these limits, the Court will not consider any discovery dispute arising from discovery requests in excess of these limits.

6.     The parties shall designate their respective experts in writing by **<u>February 8, 2021</u>**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **<u>February 22, 2021</u>**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

7.     By **<u>March 22, 2021</u>**, each party shall comply with the expert disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  Additionally, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3).  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

8.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **<u>April 2, 2021</u>**.

9.     All expert discovery shall be completed by all parties by **<u>April 26, 2021</u>**.  The parties shall comply with the same procedures set forth in the paragraph governing

19cv054 JM (BGS)

fact discovery.

10.     Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

11.     All other pretrial motions must be filed by **May 19, 2021**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

12.     A Mandatory Settlement Conference shall be conducted on **August 6, 2021** at **1:30 PM** in the chambers of **Magistrate Judge Bernard G. Skomal**.  All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the MSC.[3]  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules.  Failure of any of the above parties to appear at the MSC without the Court's permission will be grounds for sanctions.  The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of

---

[3] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The person must be able to bind the party without the need to call others not present at the conference for authority or approval.  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  *Id.* at 486.  A limited or a sum certain of authority is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

the **legal and factual** issues in the case.

13.     Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **July 23, 2021**.  The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter.  Briefs do not need to be filed or served on opposing counsel.  The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC.  The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel.  **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

14.     In jury trial cases before Judge Miller, neither party is required to file Memoranda of Contentions of Fact and Law.

15.     Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **August 20, 2021**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

16.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **August 27, 2021**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

17.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **September 3, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both

19cv054 JM (BGS)

parties shall attempt promptly to resolve their differences, if any, concerning the order.

18.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 10, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

19.    The final Pretrial Conference is scheduled on the calendar of the **Honorable Jeffrey T. Miller** on **September 17, 2021** at **8:30 AM**.  A trial will be held before the Honorable Jeffrey T. Miller, United States District Court Judge, on **October 18, 2021** at **10:00 am**.

20.    The parties must review and comply with the chambers' rules for the assigned district judge and magistrate judge.

21.    A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

22.    The dates and times set forth herein will not be modified except for good cause shown.

23.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

24.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  May 6, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

19cv054 JM (BGS)