UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MONTOYA; REX SHIRLEY; PHILIP PRESSEL; and AARON GRESSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, a public entity; and DOES 1-100,<br><br>Defendants. | Case No.: 19cv0054 JM(BGS)<br><br>**ORDER ON MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

This matter comes before the court on Plaintiffs' Motion for Leave to File a Third Amended Complaint. (Doc. No. 105.) The motion has been fully briefed and the court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

**I.   Background**

On January 9, 2019, Plaintiffs filed a putative class action complaint asserting claims for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, California Civil Code section 51, *et seq.*, (the "Unruh Act"), California Civil Code section 54, *et seq.*, (the "Disabled Persons Act"); California Government Code section 4450, *et seq.*, and California Government Code section 11135, *et seq.* (Doc. No. 1.) Plaintiffs brought claims against

the City of San Diego (the "City") and the owners/operators of the dockless electrical vehicles, (the "Scooter Defendants".)

On March 21, 2019, Plaintiffs filed their First Amended Class Action Complaint ("FAC"). (Doc. No. 14.) The FAC alleges that Plaintiffs, who are individuals with disabilities, have found their access to San Diego's sidewalks diminished by the proliferation of dockless electric vehicles currently in use in the City. (FAC ¶ 1, 12, 13, 14, 15.) Further, the FAC alleges that as usage and abandonment of these vehicles and the speed at which they travel increases, Plaintiffs are denied safe, equal and full access to the sidewalks. (*Id.* at ¶ 41.)

All Defendants filed motions to dismiss the FAC. (Doc. Nos. 30, 56, 57, 62, 63.) On January 21, 2020, the court granted all of the motions brought by the individual Scooter Defendants but denied the City's motion to dismiss. (Doc. No. 89.) On February 1, 2020, City filed its answer to the FAC. (Doc. No. 91.) Plaintiffs chose not to amend their claims against the Scooter Defendants.

On April 13, 2020, Plaintiffs and City filed a Joint Motion for Leave to File a Second Amended Complaint under Rule 15(a) of the Federal Rule of Civil Procedure. (Doc. No. 95.) The court duly granted the request. (Doc. No. 96.) On April 15, 2020, the Second Amended Complaint ("SAC") was filed. City filed its answer to the SAC on May 8, 2020. (Doc. No. 102.)

The SAC contains allegations like its earlier iterations and includes claims against City for violations of Title II of the ADA, section 504 of the Rehabilitation Act, the Unruh Act, the Disabled Persons Act, California Government Code section 4450, *et seq.*, and California Government Code section 11135, *et seq.* (SAC.)

On May 6, 2020, Magistrate Judge Skomal issued a scheduling order directing that "any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by May 22, 2020." (Doc. No.101 at ¶ 1.) Neither party filed any motions responsive to this directive.

On October 1, 2020, Plaintiffs filed a Motion for Leave to File Third Amended Class Action Complaint. (Doc. No. 105.)

Plaintiffs now seek to amend their complaint to add a single cause of action for state law pre-emption, based on the City's dockless vehicle ordinance standing in conflict with provisions of the California Vehicle Code. (Doc. No. 105-1 at 3.) The City objects to the addition of the new claim. (Doc. No. 110).

## II. Discussion

Plaintiffs seek leave to amend under Federal Rule of Civil Procedure 15(a), which states "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). However, if a pretrial scheduling order has established a timetable for amending the pleadings, and the deadline has expired, then plaintiff must show good cause for not having amended the complaint before the time specified. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Plaintiffs filed their motion just shy of five months past the deadline laid out by Judge Skomal and therefore must establish good cause for modification to the scheduling order to allow their amendment. Fed. R. Civ. P. 16(b)(4).

Since a pretrial scheduling order has been entered, the court will look to see if "the moving party [has] demonstrated diligence under Rule 16" before applying "the standard under Rule 15 to determine whether the amendment was proper." *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

### A. Good Cause Under Rule 16 and Excusable Neglect Under Rule 6

The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); *Coleman*, 232 F.3d at 1294-95. The moving party must establish good cause by showing that "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of

matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." *Hood*, 567 F. Supp. 2d at 1224 (citations omitted). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Mammoth Recreations,* 975 F.2d at 609.

In addition to demonstrating good cause, a party moving to amend a pleading after the deadline has passed must also demonstrate excusable neglect. *Mireles v. Paragon Sys., Inc.,* 2014 WL 575713, at *2 (S.D. Cal Feb 11. 2014); Fed. R. Civ. P. 6(b)(1). The Supreme Court has established a four-part balancing test for determining whether there has been excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The four factors to be considered are: (1) the danger of the prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Id.*

The court finds that although there is nothing in the record to suggest that Plaintiffs have not been "reasonably diligent" in investigating and pursuing their original claims, the same cannot be said for this new claim. Plaintiffs contend they only "recently became aware" of the San Diego Municipal Code Ordinance ("SDM Ordinance") regulating dockless vehicles and it's purported direct conflict with two provisions of the California Vehicle Code. But, the ordinance Plaintiffs wish to challenge became effective on June 16, 2019. Furthermore, during the motions to dismiss briefings, the provisions of the California Vehicle Code were discussed by all Defendants and this very same SDM Ordinance[1] was the subject of a Request to Strike City's Purported Supplemental Authority filed by Plaintiffs on July 8, 2019. (*See* Doc. No. 78; *see also* Doc. No. 77-1).

---

[1] Chapter 8 of the San Diego Municipal Code, added new division 3, titled "Shared Mobility Devices," sections 83.0301 - 83.0313.

Although Plaintiffs' opening brief was silent regarding the Rule 16 standard, their reply attempts to demonstrate good cause by stating they "engaged in informal discovery through extensive settlement negotiations with the City, discussing the applicability of the vehicle code to the SDM ordinance and Plaintiffs' claims regarding the SDM ordinance's endorsement of storing vehicles on the public rights of way." (Doc. No. 112 at 6.) The court is not persuaded. Plaintiffs provide plenty of detail regarding the settlement negotiations occurring between the parties, yet little is provided in the way of an explanation as to why this new claim was not included in the SAC filed on April 15, 2020. Moreover, counsel assumed the risk of holding this new claim out as leverage during settlement negotiations and chose to pursue this litigation strategy independently.

The court also finds that, having considered the four factors laid out in *Pioneer,* Plaintiffs have not established there was excusable neglect surrounding the non-compliance with the scheduled deadline. At first blush, an order permitting Plaintiffs to file a motion to amend will not cause any significant prejudice to Defendant as Plaintiffs' anticipated amendment relates to the same set of facts that were at issue in the original complaint and will therefore not require voluminous discovery, but the Preemption Cause of Action would be subject to a Rule 12(b)(6) motion and would further delay this litigation. The authorized delay would also have an impact on the length of the judicial proceedings, as a trial date has been set, fact discovery is set to close in a matter of weeks and class certification briefs are due soon. The court is also not persuaded that Plaintiffs could not have complied with the earlier deadline of May 22, 2020 by including the new claim in the Second Amended Complaint because the information was known to them then. There is, however, no evidence of bad faith by the Plaintiffs that would weigh against allowing an amendment to the SAC.

Accordingly, the court finds that Plaintiffs have neither demonstrated the good cause nor the excusable neglect necessary to modify the scheduling order. Because Plaintiffs have failed to meet the standard set forth in Rule 16, the court will not address the

appropriateness of amendment under Rule 15. *See Mammoth Recreations,* 975 F.2d at 609 ("if [the] party was not diligent, the inquiry should end.").

### III. Conclusion

In accordance with the above, Plaintiffs' motion for leave to file a third amended complaint is **DENIED**. (Doc. No. 105.)

IT IS SO ORDERED.

Dated: January 19, 2021

Hon. Jeffrey T. Miller
United States District Judge