UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MONTOYA; REX SHIRLEY; PHILIP PRESSEL; and WYLENE HINKLE, individually, and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, a public entity; and DOES 1-100,<br><br>         Defendants. | Case No.: 19cv0054 JM(BGS)<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS** |

  This matter comes before the court on Defendant City of San Diego's (City) motion for judgment on the pleadings. (Doc. No. 151.) The motion has been fully briefed and the court finds the matter suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, City's motion is denied.

**I. Background**

  In the operative Second Amended Complaint, Plaintiffs allege that City violated the Americans with Disabilities Act, 29 U.S.C. § 12101 *et seq.*, section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, California Civil Code section 51, *et seq.*, (the "Unruh Act"), California Civil Code section 54, *et seq.*, (the "DPA"), California Government Code section 4450, *et seq.*, and California Code section 1135, *et. seq.* (Doc.

No. 97.) All of the claims stem from Plaintiffs' allegations regarding their access to San Diego's sidewalks being diminished by the proliferation of dockless electric vehicles currently in use in the city. (*Id.* ¶¶ 1, 2, 12-15.)

On June 25, 2021, City filed a motion for judgment on the pleadings (Doc. No. 151). On July 12, 2021, Plaintiffs filed their response in opposition, (Doc. No. 160) and City duly filed its reply, (Doc. No 164).

## II.  Legal Standard

Rule 12(c) provides that a party may move for judgment on the pleadings "after the pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12 (c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1990). Like a Rule 12(b)(6) motion, the court must assume the truthfulness of the material facts alleged in the complaint and all inferences reasonably drawn from the allegations must be construed in favor of the responding party. *See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir. 1989); *Hal Roach Studios, Inc,* 896 F.2d at 1550. A defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support the Plaintiffs' legal theories. *See id.*

## III.  Discussion

In its motion, City seeks judgment on the pleadings on two of Plaintiffs' causes of action, those brought under California Government Code section 4450, *et seq*. and Unruh. (Doc. No. 151).

### a. Unruh Claim

City moves for judgment on the pleadings on the Unruh claim asserting that it is not a "business establishment" as defined in the Act. In making its motion, City acknowledges that it made the same argument in its earlier motion to dismiss, but claims the law has since been clarified by a California Court of Appeal decision, *Brennon B. v. Superior Court,*

57 Cal. App. 5th 367 (2020)[1]. City contends that the conclusion reached in *Brennon B.* applies to all governmental bodies. Plaintiffs oppose.

In *Brennon B.*, the California Court of Appeal looked at the historical context of Unruh before determining that "public school districts are not business establishments under the Unruh Act." However, the California Supreme Court granted review of *Brennan B.* in February 2021. *See* 480 P.3d 1199. During review, the Court of Appeal decision has no binding or precedential effect, *see* Cal. Rules of Court Rule 8.115(e)(1). Considering these circumstances, this court declines to reopen the Unruh issue at this time.

In a recent filing, Plaintiffs Montoya, Pressel and Hinkle each waived their claims to monetary damages (*see* Doc. No. 179 at 3). Accordingly, the motion for judgment on the pleadings on their claims is **DENIED AS MOOT**. With respect to Plaintiff Shirley, City's motion for judgment on the pleadings is **DENIED WITHOUT PREJUDICE.**

### b. *California Government Code section 4450 et seq. claim*

City moves for judgment on the pleadings on the California Government Code section 4450 *et seq.* claim on the grounds that this section of the code "relates to building standards and does not create a cause of action for obstructions placed on top of sidewalks." (Doc. No. 151-1 at 7.) In their opposition, Plaintiffs "agree[d] to withdraw their third claim for relief under California Government Code section 4450." Accordingly, the motion for judgment on the pleadings on Plaintiffs' third claim is **DENIED AS MOOT**. This claim is hereby **STRICKEN** from the Second Amended Complaint.

///
///

---

[1] City asks the court to take judicial notice of the California Supreme Court's docket in *Brennon B. v. Superior Court*, California Supreme Court No. S266254. (Doc. No. 164-1.) Finding the docket unnecessary for analysis of this motion, the court **DENIES** City's request.

## IV. Conclusion

For the foregoing reasons, the court **DENIES** City's motion for judgment on the pleadings. (Doc. No. 151.)

IT IS SO ORDERED.

Dated: October 27, 2021

_____
Hon. Jeffrey T. Miller
United States District Judge